(36 App. Div. 127.)

### HERMAN et al. v. MICHEL et al.

(Supreme Court, Appellate Division, First Department. January 13, 1899.)

1. STIPULATIONS—DELAY TO ABIDE RESULT OF ANOTHER ACTION.

Under a stipulation entered in a case after the entry of a final judgment in the trial court in another case against the same defendants, whereby the former was to "abide the final event" of the latter, and, in the event of affirmance, plaintiffs "may enter judgment as prayed for," plaintiffs are not entitled to judgment, on affirmance of the latter in the supreme court, where an appeal has been perfected to the court of appeals.

2. SAME.

Under a stipulation to delay a case to abide the final event of another case against the same defendants, and that, in the event of affirmance of the latter, plaintiff might enter judgment in the former, where the latter

case was affirmed as to part of the defendants, and reversed as to part, plaintiff in the former is not entitled to enter judgment against the defendants as to whom the latter case was affirmed.

Appeal from special term, New York county.

Action by Max Herman and another against Moses Michel and others. From an order denying a motion for judgment, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Wales F. Severance, for appellants.
John Frankenheimer, for respondents.

INGRAHAM, J. It appears that Ferdinand Blumenthal and others, judgment creditors, commenced an action which was tried and resulted in a judgment in favor of the plaintiffs against all of the defendants, from which an appeal was taken to this court. Pending such appeal the parties entered into a stipulation whereby this action, and two others against the same defendants, then on the special term calendar of the court for trial, were to "abide the final event of the action in this court of Ferdinand Blumenthal, Clarence M. Stiner, Jacob Stein, and Andrew M. Levy against the above-named defendants, which has been tried, and in which judgment was entered in favor of the plaintiffs on June 18, 1897, and from which judgment the defendants have duly taken an appeal. * * * In the event of the affirmance of said judgment in the Blumenthal action, the above-named plaintiffs shall be at liberty to enter judgment as prayed for in the complaint in appropriate form, with costs." On the appeal taken to this court the judgment in the Blumenthal action was affirmed as to all the defendants, except the defendants Zeimers and Feldstein, as to whom the judgment was reversed, and a new trial ordered. 54 N. Y. Supp. 81. The defendants as to whom the judgment was affirmed appealed from the judgment of affirmance to the court of appeals, and have perfected such appeal. After the decision of that appeal the plaintiffs moved for leave to enter judgment in accordance with the judgment of this court, so far as it affirmed the judgment in the Blumenthal action, asking to sever the action as against the defendants in whose favor the new trial was ordered. That motion was denied, with leave to renew after the decision of the appeal in the court of appeals. The pleadings in this action and in the Blumenthal action were not made a part of the record upon this appeal, and the precise nature of these actions does not appear by the papers presented. Nor does it appear whether leave has been obtained to appeal to the court of appeals from the affirmance of the judgment by this court. An appeal, however, has been taken and perfected, and is still pending and undisposed of. When this stipulation was entered into, a final judgment in the Blumenthal action had been entered in favor of the plaintiff against all the defendants. The parties, by the stipulation in this action which was then on the calendar for trial, agreed that it should abide the final event of the Blumenthal action. If such stipulation had been entered into before final judgment in the Blu-

menthal action, it might be held to have applied to the judgment when finally directed in that action; but, the judgment in the Blumenthal action having been entered when the stipulation was made, such stipulation could only apply to the result of the proceeding taken to review that judgment. This stipulation is not to abide the final event of the appeal then pending, but the final event of the Blumenthal action; and a fair construction would be that the final result was to be that which settled the right of the plaintiffs to recover, including the determination of such appeals as were necessary to review the judgment then entered. The proceedings show that an appeal was pending from the partial affirmance of the judgment to the court of appeals; and the issues, as to the defendants who succeeded on the appeal, and obtained a reversal of the judgment, are undisposed of. Consequently the Blumenthal action has not reached a final result. The further provision of the stipulation upon which the appellants rely does not, we think, entitle them to the entry of the judgment. That provided that in the event of the affirmance of the Blumenthal action the plaintiffs in this action should be entitled to enter judgment as prayed for in the complaint, in an appropriate form. But the judgment in the Blumenthal action was not entirely affirmed. It was affirmed as to a number of the defendants, and reversed as to the others. The judgment which had then been obtained, and from which an appeal was taken, was not affirmed. We think, reading the whole stipulation together, that it must be construed to mean that when this action was finally determined the plaintiffs were to have the same judgment as such final determination awarded in the Blumenthal action.

We agree with the court below, therefore, in the disposition that it made of this application; and the order appealed from is affirmed, with $10 costs and disbursements. All concur.

